[No. 961.  Decided October 25, 1893.]

GEORGE D. BARNARD & CO., *Appellant*, v. THE COUNTY
OF WAHKIAKUM, *Respondent*.

WEIGHTS AND MEASURES—PURCHASE BY AUDITOR—LIABILITY OF
COUNTY.

Under § 3136, Gen. Stat., authorizing each county auditor to pro-
cure a full set of weights and measures for his county, at the ex-
pense of the county, when such weights and measures have not
already been provided, the county is liable for a purchase of such
weights and measures by the auditor, although the county commis-
sioners may not have authorized, nor subsequently ratified, the pur-
chase.

*Appeal from Superior Court, Wahkiakum County.*

*Reynolds & Stewart*, for appellant.

*J. Bruce Polwarth*, and *John H. Smith*, for respondent.

The opinion of the court was delivered by

STILES, J.— The only point for decision in this case is
as to what effect is to be given to Gen. Stat., § 3136, which
requires the county auditor to procure a full set of weights
and measures for his county, at the expense of the county,
when such weights and measures have not already been
provided.   The auditor of Wahkiakum county, it is alleged
in the complaint, procured a set of weights and measures
from appellant, of the value of $311.65, the county at the
time of the auditor's order not being provided with such
instruments.   The commissioners refused to allow the ap-
pellant's claim, and hence this suit.   The court below held
a general demurrer well taken on the ground that it was
not alleged that the commissioners had authorized the pur-
chase, or subsequently ratified it.

The argument of the respondent is, that the general
scheme of county government which prevails in this state

contemplates that the board of commissioners shall be the business and financial agent of each county, and that to uphold the auditor in any independent action of this kind would be to trench unlawfully upon the general plan and spirit of the statutes. But we think that inasmuch as the legislature is the author of the general plan, its unmistakable intention to make an exception in the case of the purchase of weights and measures must be respected.

The judgment is therefore reversed, and the cause remanded with directions to the superior court to overrule the demurrer.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.